Case number 24-3846, Estate of Donovan L Lewis v. City of Columbus OH et al, Oral Argument Not to Exceed, 15 minutes per side, Lathan Lipperman for the appellant, you may proceed. Thank you. Good afternoon. Your honors may please the court. I've reserved three minutes for rebuttal. My name is Lathan Lipperman. I'm here today on behalf of proposed intermediary appellant, Fraternal Order of Police, Capital City Lodge number nine. We're asking that you reverse the disreport order, which denied the FOP's motion to intervene. And we're asking you to do that for a very simple reason. The FOP meets the criteria for intervention under Rule 24. And most specifically, I'm going to focus on that the FOP has an interest in the merits of the case and that the city's representation of those interests would be inadequate. But first, just very briefly as a threshold matter, I'd like to address the issue of jurisdiction. This court does have jurisdiction over this appeal. Generally, as the court's aware, an order denying a motion to intervene as of right is generally a final order under 28 U.S.C. 1291. And when courts are addressing this issue, they draw a line between order that denies intervention in any respect and an order that grants intervention but places restrictions on the party's participation. And the case where we can see this best is the Supreme Court's case of Stringfellow. There, a party moved to intervene both as of right and by permission. The motion to intervene was denied by right but granted by permission, but some restrictions were placed on that participation. The intervener appealed, arguing that the restrictions essentially amounted to a complete denial of their right to participate. Supreme Court disagreed. Supreme Court held that there was no jurisdiction for an immediate appeal. In other words, the denial of intervention wasn't a final order under 28 U.S.C. 1291 because principally, despite the restrictions, the party had the ability to appeal the final decision. So if there was a mistake during the case, they could address that on appeal. That analysis, however, we can take that into a different case that's more analogous to the facts we have here. And I'm thinking specifically of the Driftless Area Land Conservancy case versus Hibbs, which comes from the Seventh Circuit in 2020. And there, a party moved to intervene into a case, both as of right and by permission. The court took the motion and addressed it on the merits and substantively said, I'm going to deny it. And the judge said, right now, I don't believe you meet the criteria under Rule 24, but maybe that'll change. And so I'm going to deny it without prejudice. And in fact, the court went one step further and allowed that party to have a stand-by motion. So essentially, the second the facts changed, the court would entertain that motion to intervene. The party filed an immediate appeal of that, and the Seventh Circuit held that that was a final order which gave the appellate court jurisdiction. And the court simply took the analysis from Stringfellow and said, right now, this proposed intervener isn't a party to the case. And because they're not a party, they don't have the right to appeal the final decision, which from Stringfellow was the critical aspect. And the court said, notwithstanding the fact that maybe later on this proposed intervener might be allowed in the case, doesn't change the jurisdictional analysis. And that's because... Is there a distinction? It seems in some ways we've got two lines of case law, and yours is in between them. So the real question is, which side is it nearer? And I'm wondering if the effectively reviewable prong is not an issue here. The court has said you're in on remedies, you're not in on liability. If you're in on remedies, and you come into the case on remedies, and then the case is over, don't you have a right to appeal? Everything. Yes, sir. Everything. So isn't your case... Is it impractical? Maybe. But isn't your case actually reviewable? Well, so I appreciate the question, Your Honor. So I would respectfully disagree that the judge has said we get to come in during the remedy phase. Specifically, and I believe it's page 12 of the opinion, he says, we may let you in. So he says, you know, right now, the city, during the merits phase of the case, the city's representation of your interest, to whatever extent you do, is inadequate. And he says that might not be the case in the remedy phase. And we know that the, I guess it's a little bit of a tautology, but we know that the FOP's intervention here was denied because the judge denied our motion to intervene. He certainly could have said, I'm going to grant your motion just like they did in Stringfellow. I'll grant your motion, but I'm going to limit you to participation in the remedy. That's not at all uncommon for a judge to do. But here, however, he outright denied our motion completely, despite the fact that it was without prejudice. So right now, as it stands, the FOP has no way to appeal the final decision. If perhaps during the remedy phase, the FOP might be let in. But I think the FOP finds itself similarly situated to the movements in Hibbs, where maybe the contingency the judge has in mind might never arise, effectively locking the FOP out of the case. And do you think that the main way that would happen is a settlement? Well... Or do you see other ways? Because I can see the fact that liability goes and settlement is entered, and you've never reached the spot that the court has not ruled, but pretty well suggested you fit in the category of being able to address remedies. Certainly, settlement is a concern. Obviously, if the FOP is not a party to the case, we're not going to be privy to what's going on in the case. The judge did say that he would not... Ask them to. Yes, the judge did say he urged the parties to keep the FOP in the loop. And he did say that he would not rule on any type of settlement motion or consent decree until the FOP renewed its motion. However, I think... Before you go on, so if he's agreeing that he would look at this and he would not approve any settlement, does that not open the door to protect you to be able to file and oppose a settlement? Bringing you into the case so that you then have the right of reviewability. So, Your Honor, I read the judge's decision not as him saying that if there's a settlement or if there's a remedy, you definitely get to come in provided you renew your motion. I read it as him saying, I'll entertain it. And perhaps I will let you in if there's a settlement that affects your interests or we're at the remedy phase and your interests are affected. Can I ask a different question, which is if he rules on summary judgment, you would have on the merits phase, you would have no say, right? Yes, if we're not in the case, Your Honor, I believe that's true. And so once judgment is entered on that, for example, the plaintiff, I think wisely in their complaint on pages, I think like 28 and 29, lists the 90-day rule and the indemnification rule. It makes sense from their perspective why they list those. If it seems to me the plaintiff below, and here they've taken a different take, but I think they took a good tactical position, which is you could come in. My understanding, and you should explain it to me, you both referenced it in your briefs, but you could come in for the equitable stuff, the injunctive stuff, but not the damages. Yes, that's correct, Your Honor. And you all agreed on that and the court denied it nonetheless, right? Is that my understanding of what went on? No, not quite, Your Honor. Yeah, explain that to me. So the FOP, I would agree with you. The FOP has no interest in the damages portion of the case. That doesn't concern the FOP. It's just the equitable relief that threatens its collective bargaining agreement. So the FOP wants, I think the central disagreement between the FOP and the estates, the FOP wants to participate in the merits of the litigation as it concerns equitable relief, and the estate wants that limited only to the remedy phase of the litigation. Oh, they do want it. But I mean, the danger, I guess, for all of you is, and maybe I'll ask them this, but am I right that if it's denied and you later appeal, and we say that was error to deny it, it undoes the judgment ruling against you. Is that correct or not? You mean, Your Honor, if we're a party to the case? If you later are a party to the case, the remedy stage, or it's denied the remedy stage, because if we say you don't have jurisdiction, then you still have a right to appeal because there's no binding opinion of the Sixth Circuit. When it goes back, okay, we say, yeah, your rights were intervened because they actually ruled on the 90-day or on the indemnification. All of that has to get undone. If we're not a party to the case, perhaps. Well, what prevents it? Because you would obviously be prejudiced, which is why I understood the plaintiff's move to be a wise one below where they would concede you could be on the equitable side. Well, Your Honor, I think that's the central part of this case, is that if the judge doesn't let us in into the remedy phase, we're not a party to the case, and I don't believe we would have a right to appeal the final decision. You wouldn't as long as we have jurisdiction now and say you weren't entitled to be in. But if we say we don't have jurisdiction now, you can appeal anything at the end because you would have no, there would be no law of the case on that from us. And the case law is pretty clear at that point, right, that you can appeal. He denies, once he finally denies your right to intervene, assume my hypothetical, finally denies your right to intervene at the remedy phase. So now he's denied you completely. At that point, you clearly, no one's going to dispute you have a right to appeal. You would have a right to appeal both denials because neither would have been reviewed if we say we don't have jurisdiction. Well, that's an interesting question, Your Honor. I'm not sure exactly how that would shake out. So there's a case from the Fourth Circuit, and it's NAACP versus Berger. And I apologize, it's not in my brief. I stumbled upon this as I was preparing. And it was a very similar case to the Hibbs case where there was an action going on. An individual tried to intervene into the case, and the judge denied it without prejudice and said, right now, your interests are represented adequately by the parties. But if that changes, I will allow you to refile your motion. The party did not appeal that action. So that 30 days ran. They refiled the motion to intervene. That was denied, and they appealed that. But I believe the Fourth Circuit's held that the first motion to intervene, because that wasn't appealed within 30 days, it became a final conclusive decision. Right, but here you've appealed. Yes, right. So it's distinguishable, and Stringfellow said, any time it's denied in any respect, any material respect, you have the right to appeal. We have jurisdiction.  I mean, obviously, under that argument, we have jurisdiction. Now, I'm just saying, what is the consequences of us finding no jurisdiction? The consequence, actually, for the plaintiff is as bad, it seems, as it is for you, if they get a judgment. If they don't get a judgment, then it's of no moment to either of you. Yes, I think I would agree with that, Your Honor. And so I see my time is about run. If there are any additional questions for me, we would ask that you reverse the district court. You'll have your rebuttal time. Thank you, Your Honor. May it please the Court, Your Honors. My name is Mark Keyes, arguing for Appellees v. Estate of Donovan Lewis. On the jurisdictional question and kind of the consequences of it that you raised, Judge Lepar, you're correct that if there were a finding by this court that they lack jurisdiction over the appeal, and if the FOP were, well, whether they were or were not allowed to appeal at a later phase of the litigation, they would have the ability to appeal that determination at the end of the case. I mean, hypothetically, they could be allowed into the case on the remedy stage. They could still then appeal the earlier denial of their motion to intervene at the liability and damages phase. Now, at that point on appeal, I think they would have to show that the denial would have had some effect on the outcome of the case, that something would have been different. But to answer the question of reviewability, yes, they would have the ability to have this issue determined by the court of appeals after a final judgment. And that's true regardless. Isn't that better? Isn't it better for you, then, they be in so that you can win once and for all and not have the risk? Because two provisions you bring up, as I mentioned at page 28 and 29 of your complaint, are the 90-day rule and the indemnification rule. Is that OK? You understand what I'm talking about? OK to call up those. And so you want those to be declared, in essence, unconstitutional. I'm not articulating it as articulately as you did in your complaint. But you get the point. And it seems to me those come, as you yourself mentioned in the complaint, right out of the FOP's collective bargaining agreement. So how do they not have an interest in protecting the collective bargaining agreement at the merits phase if that is part of the complaint? I think there's a distinction. And Judge Lepar, I appreciate you're using sort of a shorthand label for the way that we've pledged those facts in the complaint. But I do want to make very clear, we're not alleging that those issues are violations of the decedent's constitutional rights. We are alleging that the custom and policy of the city, including its history of excessive force, its history of racial discriminatory, excuse me, its systemic failures to prevent excessive force and racially discriminatory police tactics, that those are customs and policies of the city that drove the violation. But now imagine you get a judgment. Yes. And the district court says they agree. Would it not, at that point, the city could no longer, without facing the wrath of the Sixth Circuit and every district judge in America, agree to something that another judge has said without facing significant liability? And respectfully, Judge Lepar, I believe that the district court contemplated and addressed that very issue in its bifurcation order. This is a, the liability and damages phase of this trial is subject to a jury demand. It would go to a jury trial. No, you can always, I get that. Totally agree with you. I'm sure you're not going to concede now you would not be entitled to summary judgment if you affirmatively move for summary judgment. Or, correct? I'm sorry, if we were to affirmatively move for summary judgment on? On just liability. On strictly liability. No, that's correct. We would not concede that. However, moving for summary judgment on liability does not require the district court, if hypothetically we got to that point, it would not require the district court to order, hey, this provision of the CBA is an unlawful custom and practice. The court's bifurcation order, I believe that declaring. You didn't bring a Monell claim against the city? They brought a Monell claim against the city. So if you got liability against the city on Monell, they would have to say the policies are part and parcel of that. There would have to be a finding that the custom and policy of the city was a driving force behind the. And the way I wrote opinions, you tell me if I'm wrong, I would explain it so that I didn't later get reversed by this court. But your honor, if the district court were considering on summary judgment, declaring a particular aspect of the city's practices to be the driving force behind a constitutional violation, that would then venture into the remedial phase. Because by granting, to follow your hypothetical. No, no. In order to, walk back to Monell. Let's just talk about Monell. Don't talk about damages or what the remedies are. How do you find Monell liability? If you prove that a customer policy of the municipality was a driving force behind a constitutional violation. That's how you find liability. Not remedy liability. In other words, culpability. That's correct. For a better way of saying it. You would have to show those policies existed and contributed. Correct. And so the district court would find, just on the libel, that those policies existed and contributed. Wouldn't that impair those provisions of the collective bargaining? Well, your honor, we would not concede that. Because when you're looking at the liability determination of whether a customer policy drove the violation, you're looking at a snapshot in time. When you're talking about forward-looking declaratory relief or something that. Oh, I get there. But I'm sorry, your honor. No, but let me just say, I think a city, if they're well represented by competent council, which we can assume Columbus is, would say the judge just found those policies contributed to Monell violation. We can no longer agree to them in the collective bargaining agreement. That's a possibility, your honor. But again, so the collective bargaining agreement is renegotiated on a time, it may be three years. I'm sorry. Don't hold me to the time period. But I think the point is that looking backward at what happened in August of 2022 and the policies that were in place at that time, the district court, under your hypothetical, as a plaintiff, we're moving for affirmative summary judgment on a Monell claim. A district court could say, yes, at that time, the policies that were in place at that time were a driving factor behind excessive force under the fourth amendment. That is not the same thing as a finding that would implicate the FOP's interest, because when that decision comes out at this point, it would probably be in 2022. I'm just struggling with that analysis because your Exhibit A to the complaint is Columbus Division of Police Reform. That's correct. And it effectively lists things that are in the collective bargaining agreement and particularly grievance, punishment, all of the things that really matter to an employee, because what you're claiming is you are acting inappropriately. And you're pretty well claiming it's because you've made this deal with the union and you are not protecting citizens. It is the union's collective bargaining agreement that is driving the discrimination because the officers who engage in it are not being punished. I mean, isn't that the gist of your complaint? That's a part of it. I mean, we're not focused strictly on the collective bargaining agreement. I think you can look at the history of incidents of excessive force in Columbus and the history of racially discriminatory policing. There's also a ratification aspect of that there. So we're talking about different things. Your argument is that they've ratified it by agreeing with the union and placing it into writing in a collective bargaining agreement. Well, but for historical acts, the ratification would exist by failing to correct, train, discipline, tolerate. Or failing to negotiate a different provision in the collective bargaining agreement. That's your opposing counsel's worry. But that is a distinct issue that in the district court's bifurcation order would be addressed at a later date. If there were to be remedies that affect, and that's where we have to come back to the first prong of intervention. What is the interest and what's the scope of the interest and where or how is it affected in the litigation? That's a great answer. But I'm struggling with how you find that line. I'm struggling with the way you figure out where the merits do not, in fact, intersect with the remedies. Because aren't your merits argument, isn't what you're putting before a jury that here's how they were not punished? Here's how they continue to engage in racial discrimination because this provision always results in, at arbitration, the police officer getting off. And aren't your very remedies in here alterations to the collective bargaining agreement? One more thing, sorry. I'm struggling with how you think those items can be addressed and not really come together with all of the parties involved so that the point of the sword, so to speak, includes everyone in the merits case also. Yes, Your Honor. Right? Isn't that what you're going to have to prove? You're not just going to be saying, you did it wrong this time. That's not all of your proof, right? I think that in the merits phase, that is our proof. Our proof is up to the point of Donovan Lewis' death. So what happened in the past and leading up to that, those historical uses of force, the historical practice of the city of Columbus, those are part of the Minot claim in the liability and damages. Are those still part of the collective bargaining agreement, those two provisions? Your Honor, I apologize. It's in the record. I'm not sure what the end date of the collective bargaining agreement is. I cannot say I'm aware that they've been removed. I thought they were. I thought that was the claim. They are in the version that's in the record. And they're in the version that was in effect at the time of Donovan Lewis' death. All I'm saying is we're here in March of 2025. I do not have at my fingertips the date that the collective bargaining agreement would be renewed. So that's my only caveat there. But I think to Judge Strange, to answer your questions, that there is a backward-looking aspect of this and there's a future forward-looking aspect of this. And it would not require necessarily a change in the collective bargaining agreement if a jury were to find or a court were to find that a custom and policy of the city was, that there was excessive force and that a custom and policy of the city was a driving factor. Can, if that's the case, what is the custom or policy that was the driving factor? So the custom or policy, you can look again at the history of excessive force that was tolerated and therefore ratified by the city leading up to the date of Donovan Lewis' death. You can look at the city's failure to train and discipline its officers. And I understand your point is that some of that... The failure to discipline. That's a collective bargaining agreement issue, isn't it? Well, except that the failure to discipline, that set of facts could occur with or without a collective bargaining agreement present. But you in your own complaint tie it to the 90 days and then you tie the indemnification to the way the officers are acting. So every one of the things you said, and I think wisely, and I'm not saying this complaint is poorly drafted. I'm saying it's a creative and thoughtful way to draft a complaint, but it seems to me that has to implicate collective bargaining issues because you can't, there's no way you're going to convince me that Columbus is the only department in America that doesn't have an indemnification provision anymore. And so I know that's in the old and I guarantee they want it in the new. And so it seems to me the FOP on behalf of its members has a strong interest in protecting that. And frankly, I think like the 90 day and even the indemnification, how can the city adequately represent? They're on the other side of those. The 90 days is a hamstring on the city and the indemnification, it's coming from the city. But the distinction there, and this goes to the adequate representation prong, if the idea that the city would not adequately represent on those because it's on the other end, the precursor to that hypothetical scenario happening though is the city doesn't fight as hard as it can to avoid a multi-million dollar liability. So in other words, if the city, when it's negotiating the CBA, of course we concede it's adverse to the FOP. But this type of... If you look at that case, I can't remember the name of it, the Judge Clay one, the wineries of Old Mission Peninsula, I mean it's extremely... The adequate representation is extremely lenient in our... I mean our court has pretty much neutered Rule 24. And I hate to say that, like you used to have to attach a pleading, you no longer have to. 24C says must, our court says you can do it if you want. 24A, right, intervention is supposed to be more difficult, it seems to me in our circuit it's very easy. So what do you, I mean... So, and I understand your point Judge Tapar, and yes, the burden to meet the adequate or inadequate representation threshold has been cast as minimal. I agree that that's how it's been cast. I think even here the FOP has not made that showing, as to the point where it is trying to insert itself into the case. Again, different story if it were denied, you know, with prejudice for all times and purposes. And we think here that, and we kind of started the discussion at jurisdiction, and I think the merits and jurisdiction can somewhat dovetail in these intervention cases, I think it happens occasionally. But I think at the end of the day, what we have here is an interest articulated by the proposed intervener that very clearly explained to the district court, we're concerned about the remedy. The district court fashioned an order that we believe was appropriate that allows them to intervene at a future date. Would that remind me, there was no agreement between the FOP and the plaintiffs, or no discussion about coming into the case, or did you object to them coming in at merits and not say anything about injunctive relief or remedies or whatever you call it? Thank you, Judge Strange. Please. Thank you. The way that that happened procedurally was that the FOP filed its motion. I know Judge Thapar asked this question of appellant's counsel as well. We did not oppose intervention at the remedial stage. In fact, what we said in our responsive filing, what we suggested was that the court could fashion an order that allows intervention but that limits the participation of the FOP, basically giving them full participation at any injunctive relief or consent decree stage or anything like that, but that limited their participation in any earlier phase of the case. Does that include any settlement negotiations? I know he encouraged that, but the question is remedies and settlement have synonymous or have greatly overlapping arenas. So what assures the FOP that if there are settlements going on, discussions of a consent decree before you get to other remedies because you are concluding, shall we say, the liability phase with an agreement? What position do they have in that? Judge Strange, you're correct. I think you may have touched on the district court does not specifically order. Plaintiff and city, if you engage in discussions, bring the FOP to the table. The district court encourages the parties, the existing parties, to do that if we were to do that before a remedy stage. Have you expressed disagreement with that or agreement with that on behalf of your side? In the record or in proceedings, we have not expressed anything after that order on that point, but I will point out that in our response to the motion to intervene, what we had proposed was a sort of circumstances of intervention that very much would have included the FOP in those types of discussions should they happen. I can tell you there's nothing in the record below where we explicitly say, if there's a settlement discussion, we'll bring the FOP in, but if you look at our response to the motion to intervene, I think it's there in the implication. Is that a trust me answer? They may prefer something a little more solid. No, that's a fair request, but I think if you look at our response, we are very clear that we are not interested in preventing the FOP from having a seat at the table to the extent that discussions, whether it's a settlement or a consent decree, would involve things that would impact the CBA. Which is a substantial number of the things you list in your requested reforms, right? Which would become something where their interest is implicated if the case were to proceed to a remedy phase or to a consent decree phase. Again, we did not reach that point in the litigation. I think the best evidence of where we fall on that issue is to look at our opposition. I will tell you as plaintiff's counsel that we would, obviously, yes, we would include the FOP to the extent that there were discussions about actual remedies. I think the district court very clearly maybe didn't say, I order you to do this, but I can read those words in the order that he issued. Is there a scheduling order in place? There is, but it stayed. It stayed pending this appeal. So there was. I know you're out of time, but if you don't mind, this is just one little practical kind of follow-up. You mentioned that in your response below, that's what plaintiff said, that, hey, if we get involved in some settlement negotiations, we would be fine with you coming in. It sounds like there was at least some point of agreement with respect to the remedial phase, but were there any discussions of the stipulation, or was the issue just that FOP wanted to be in on the entire thing and so there was no discussion of stipulation? What happened? Judge Davis, you're correct. The procedural posture was FOP filed its motion. We filed our response laying out the position that we did. The city did not respond. FOP filed its reply saying, we want to participate unfettered in the whole case, and then we had the court's order. So, no, there were no discussions about, you know, can we come up with a stipulation or an agreed set of parameters. We never got there. It was all done on the briefing. Thank you, Your Honor. So with that, we would ask alternatively that the court dismiss this appeal for lack of jurisdiction or affirm. Thank you. Thank you, Your Honors. I'd like to pick up where you were leaving off with the FOP's interest in the merits part of this case. And I think when we start that analysis, we have to look at the complaint, as this panelist rightly pointed out. The courts have said, you know, the complaint, that's what creates the universe of possibilities by which the proposed intervener is right to be concerned. And when we look at the complaint, before we even get to the first paragraph, the very first thing listed in the complaint is a quote from Merigender that says, the culture of the Columbus Division of Police needs to change. Well, that being said, though, isn't the city's kind of paramount consideration here to avoid liability, which would require it to vigorously defend all of the policies that it has in place, whether it was something that they agreed with or disagreed with at the point at which they were negotiating the CBA? So, Your Honor, I think we could assume for the sake of argument that the city wants to avoid a finding of liability. I think the issue, and I think Judge LaParte touched on this, that the inadequacy of representation prong is a minimal burden. And it's not just that the... Well, it's minimal, but it's not non-existent. Sure. I would argue that there have been, I believe, six circuit cases of this effect. It's not just that the existing party wants the same outcome. It's that the existing party will not advance all of the same arguments that the proposed intervener will advance. So what argument has... Or do you, does FOP want to advance at this point that you believe the city will not advance? I mean, true, no, you don't have to come and show like, hey, here's where we sit, and we said we want you to make this argument, and they said no, but there has to be some basis for you to say that they will not make this argument. Yes, Your Honor, and that's an excellent question because when we're looking at the complaint here, we have numerous allegations alleging that specific provisions in the collective bargaining agreement, as well as several specific actions on the part of the FOP, contributed to the unconstitutional customs and policies which ultimately culminated in the unlawful killing of Mr. Lewis. And as has already been pointed out by Judge Strantz, the city and the FOP are antagonists in the collective bargaining process. They're on opposite sides. When they're negotiating the agreement, the city has their views, the FOP has theirs. When they're in the grievance or arbitration process, they're always on the opposite ends. So as it concerns defending those CBA provisions, or certainly defending the FOP, the city has absolutely no interest in doing that. It's not that their representation might be inadequate, it's that it will be inadequate. Well, if they don't defend them, then they're going to be on the hook for liability. Well, I think they could, well, I guess a few responses to that. They could certainly, I think maybe the most likely situation is they're not going to defend them as vigorously as the FOP is going to defend them, and they're certainly not going to defend them from the same aspect that the FOP is going to do. Could they do one of two things, agree? If they were settling, could they settle and agree to get rid of some of the provisions as part of the settlement, and or could they agree to judgment if they were settling and have the district court order that some of those provisions be that the city no longer agreed to? You mean, Your Honor, if the FOP was not a party to the case? Yes, obviously if you're a party to the case, you're going to fight it. I don't believe that that would be an enforceable decision. I think because the FOP and the city have a contract, I don't think the city can unilaterally agree to nullify those provisions. So you've got some protection there based upon what's in the CBA already. Well, there are some protections there, yes, but I think that goes back to one of the purposes of Rule 24, which is judicial economy, and it's resolving all of these claims and issues in one fell action rather than having to try to enter some type of judgment where the FOP has to go in and fight it and try to unwind the whole thing. There are clearly requests for reform that seek to have some sort of power to make sure that officers who are acting inappropriately have incentive not to do that. Yes. But there are different incentives, the city versus the FOP, and I'm struggling with, for example, require civil settlements and jury verdicts to come from the officer pension fund instead of a separate city source, or worse, require an officer who retires in bad standing or during an ongoing investigation to relinquish his or her pension and all other benefits. Now, relinquishing pension might not mean anything to the city to respond to in the same way, but it means a heck of a lot to the police officers. Yes, Your Honor. Part of my struggle is in the liability phase, what questions are going to be asked? Did you do this? Did you kill him wrongly? Have you done that sort of thing before? Is there not a tradition of shoot first, ask later? And officers are then not punished. I'm just struggling to see how you can present the case that presents what is really going on that is creating part of this problem without addressing some of the provisions that they want and that only the FOP would clearly not want. In that, Your Honor, I'm in full agreement. I don't think that the estate can do that. I think they've made the CBA provisions. Then your thought was, though, that you didn't care about damages and you didn't care about that liability, and I agree with that. You don't need to. I'm just not sure how that can be divided when you are presenting the type of case that really relies on inequitable activity on the part of a police department. That's the proof. To clarify, when I say that the FOP is not interested in the damages part, what I mean is the amount of damages or anything like that, since the FOPs wouldn't be paying that. That specifically is what I'm referencing. The FOP is very much concerned about a finding of liability generally, and that's the issue that courts have looked at when they're faced with this issue. That's the problem with just letting us in on the remedy part is that the findings made in the liability portion are going to necessarily dictate the remedy imposed. Is that what the Ninth Circuit said in the City of Los Angeles? Yes, Your Honor, as well as the Payne v. City of New York out of the Second Circuit. Were you allowed to intervene? Educate me on what your concept is upon becoming an intervener of your role below. I'm glad you brought that up, Your Honor, because the FOP is not seeking complete and unfettered intervention in this case. In other words, we put in our reply brief at the district court that we're not looking to do duplicative discovery. If the city made a discovery request to cover something we wouldn't want to hit, we're not going to do that. That costs the FOP time and money as well as everybody else. So the FOP is willing to have reasonable restrictions on our participation. It's just that we have to have some access to the discovery and have some ability to participate. I think, Your Honor, as far as things like depositions would go, I think we would contemplate that the FOP would attend those depositions and if the city didn't ask a question or if the – well, it would depend on who's taking the deposition, of course. But the FOP would be looking to fill as a stopgap and either cover an issue that the city didn't cover because they have no interest in it or perhaps the city was going to present a completely different perspective as a concern. Certainly the CBA and the FOP, that's where the FOP's participation would come in. We thank you both for your briefing and arguments. This is a difficult subject and it's an important subject. And the writings and the arguments are helpful to us to understand. The most important thing of all is how is it going to practically play out. So the case will be taken under advisement and an opinion offered in due course.